**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| DANA JOHNSON,<br><br>              Petitioner,<br><br>v.<br><br>SMILEDIRECTCLUB, LLC; DAVID<br>KATZMAN; STEVEN KATZMAN;<br>ALEXANDER FENKELL; JEFFREY<br>SULITZER; and CAMELOT VENTURE<br>GROUP,<br><br>              Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITION TO COMPEL ARBITRATION OF ENTIRE DISPUTE**
**AND FOR DECLARATORY AND INJUNCTIVE RELIEF**

Petitioner Dana Johnson, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, hereby petitions this Court for an order compelling respondents SmileDirectClub, LLC ("SmileDirect"), David Katzman, Steven Katzman, Alexander Fenkell, Jeffrey Sulitzer, and Camelot Venture Group ("Camelot") to arbitrate his putative class claims and for corresponding declaratory and injunctive relief. In support of this Petition, the Petitioner alleges as follows:

**INTRODUCTION**

1.       Petitioner commenced a class arbitration against Respondents before the American Arbitration Association ("AAA") within this District on January 27, 2020. Petitioner's Arbitration Demand alleges that SmileDirect and the other Respondents are operating illegally in violation of various state and federal laws. The Arbitration Demand further alleges that a class of consumers is entitled to damages resulting from Respondents' misconduct and

misrepresentations relating to SmileDirect's products and services, as well as declaratory and injunctive relief prohibiting Respondents from continuing their illegal conduct. A copy of Petitioner's Arbitration Demand is attached hereto as **Exhibit A**.

2.      In this action, Petitioner asks this Court to compel arbitration of any and all disputes regarding the products and services offered by SmileDirect, including any dispute over whether class arbitration is authorized by the Arbitration Provision SmileDirect drafted and imposed upon its customers.

3.      Where, as here, there is a clear and unmistakable intent of the parties to submit questions of arbitrability to the Arbitrator, it is the exclusive responsibility of the Arbitrator, not a court, to resolve whether class arbitration is permitted. The parties' Arbitration Provision meets that standard by providing that "any dispute" regarding SmileDirect's products and services will be determined by arbitration before a single, neutral arbitrator selected by the parties and shall be resolved using the rules of the AAA. *See* Arbitration Provision (attached hereto as **Exhibit B**); *JPay, Inc. v. Kobel*, 904 F.3d 923, 936-44 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1545, 203 L. Ed. 2d 711 (2019) (on similar facts, holding there was a clear and unmistakable intent to delegate questions of arbitrability, including whether arbitration could proceed on a class basis, to the AAA arbitrator).[1]

4.      Indeed, in an action before the United States District Court for the Middle District of Tennessee, SmileDirect argued (successfully) that "gateway" issues such as the scope of the Arbitration Provision and the Arbitrator's jurisdiction are for the Arbitrator, not a court, to decide because of the Arbitration Provision's reference to and incorporation of the AAA rules. *See* SmileDirect's Brief in Support of Motion to Compel Arbitration (Doc. 27) (attached hereto as

---

[1] Following the Eleventh Circuit's decision in *JPay, Inc.*, the arbitrators in the resulting proceeding held that they were entitled to decide the issue of class arbitration and further held that class arbitration was available. The arbitrators' decision is attached hereto as **Exhibit C**.

**Exhibit D**), 9 ("By incorporating the AAA's Commercial Arbitration Rules, the ADR Provision delegates gateway questions of arbitrability to the arbitrator. Specifically, Rule 7(a) provides: 'The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.' Courts thus must defer to arbitrators to determine issues of arbitrability 'so long as they are *arguably* covered by the agreement.'") (quoting *Willacy v. Marotta*, 683 F. App'x 468, 471 (6th Cir. 2017)) (footnote omitted); *see also* **Exhibit D** at 9 ("Because the arbitration provision shows that the parties delegated all issues of arbitrability to an arbitrator, the Court should order [the Consumer] to pursue her claims either in small-claims court or through arbitration. If [the Consumer] chooses arbitration, the Court should leave <u>any</u> arbitrability questions for the arbitrator to decide.") (emphasis added).[2]

5.     The Middle District of Tennessee accepted SmileDirect's argument and ruled that, with respect to the same Arbitration Provision at issue here, "gateway" issues such as the scope of the Arbitration Provision are to be decided by the Arbitrator. *See* Order (Doc. 58) (attached hereto as **Exhibit E**) at 4 ("With regard to whether the arbitration provision clearly commits gateway issues to the arbitrator, SmileDirect relies on the fact that the provision states that any arbitration thereunder shall be resolved using the rules of the American Arbitration Association ('AAA'). AAA Rules grant an arbitrator the power to construe and rule on her own jurisdiction, and the Sixth Circuit has, therefore, suggested that an incorporation of the AAA rules is, generally speaking, an indication of an agreement to have the arbitrator make the initial determination of arbitrability.") (citation omitted).

---

[2] The AAA Consumer Arbitration Rules contain a provision (Consumer Rule 14(a)) identical to Commercial Rule 7(a): "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." AAA Consumer Arbitration Rules, R-14(a). The AAA Supplementary Class Rules contain a similar provision, as detailed below.

6.     The AAA Supplementary Rules for Class Arbitrations, which supplement other applicable AAA rules, including the rules granting the Arbitrator the power to rule on his or her own jurisdiction (including the scope of the arbitration agreement or the arbitrability of any claim or counterclaim), contain a provision granting the Arbitrator the additional authority to determine the threshold issue of whether the Arbitration Provision permits the arbitration to proceed on behalf of a class. *See* AAA Supplementary Rules for Class Arbitrations, Rule 3 ("Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the 'Clause Construction Award').").[3]

7.     Petitioner therefore seeks an order from this Court compelling the parties to submit any and all disputes regarding the products and services offered by SmileDirect, including any dispute over whether class arbitration is authorized by the Arbitration Provision, to the Arbitrator. *See JPay, Inc.*, 904 F.3d at 927 ("The parties agreed, and we are required to give meaning to their agreement and to enforce their will. Thus, an arbitrator will decide whether the arbitration can proceed on a class basis.").

## **THE PARTIES**

8.     Petitioner Dana Johnson is a resident of Florida, and Florida citizen within the meaning of 28 U.S.C. § 1332, who purchased aligners from SmileDirect. Petitioner entered into

---

[3] The AAA Supplementary Class Rules apply to the underlying arbitration because it is a putative class arbitration. *See* AAA Supplementary Rules for Class Arbitrations, Rule 1(a) ("These Supplementary Rules for Class Arbitrations ('Supplementary Rules') shall apply to any dispute arising out of an agreement that provides for arbitration pursuant to any of the rules of the American Arbitration Association ('AAA') where a party submits a dispute to arbitration on behalf of or against a class or purported class, and shall supplement any other applicable AAA rules.").

the Arbitration Provision described herein. SmileDirect's products and services were not as represented and promised, and Petitioner suffered injury as a result.

9.      Respondent SmileDirect is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Nashville, Tennessee. SmileDirect is not a Florida citizen within the meaning of 28 U.S.C. § 1332. SmileDirect operates in Florida and has approximately 34 shops in Florida, including approximately 11 in this District.

10.      Respondent David Katzman is an individual who is the chief executive officer and chairman of SmileDirect and through his stock ownership, stock voting agreement, and position as a director of Camelot controls the business operations of SmileDirect. David Katzman, through Camelot, also controlled the services provided by Steven Katzman and Alexander Fenkell to SmileDirect pursuant to a contract between SmileDirect and Camelot that he negotiated. The claims against David Katzman arise from the same facts as the claims against SmileDirect. David Katzman is not a Florida citizen within the meaning of 28 U.S.C. § 1332.

11.      Respondent Steven Katzman is the chief operating officer of SmileDirect and through his stock ownership, stock voting agreement, and position as a director of Camelot controls the business operations of SmileDirect. The claims against Steven Katzman arise from the same facts as the claims against SmileDirect. Steven Katzman is not a Florida citizen within the meaning of 28 U.S.C. § 1332.

12.      Respondent Alexander Fenkell is a co-founder and director of SmileDirect. Fenkell is the point person for SmileDirect's marketing efforts. As such, he has been directly involved in developing the misleading and false advertising campaign used by SmileDirect. Fenkell was also at all relevant times acting as an employee of Camelot, and his conduct was within the scope of that employment. The claims against Alexander Fenkell arise from the same

facts as the claims against SmileDirect. Alexander Fenkell is not a Florida citizen within the meaning of 28 U.S.C. § 1332.

13.     Respondent Jeffery Sulitzer is a dentist licensed in California and the chief clinical officer of SmileDirect. He resides in Happy Valley, Oregon. Sultizer has misrepresented the attributes, quality, and effects of SmileDirect's aligners on multiple media platforms. The claims against Jeffery Sulitzer arise from the same facts as the claims against SmileDirect. Jeffrey Sulitzer is not a Florida citizen within the meaning of 28 U.S.C. § 1332.

14.     Respondent Camelot is a corporation with its principal place of business in Michigan. Camelot is owned and controlled by David Katzman and is, as described on its website, the largest shareholder of SmileDirect and the managing member of the limited liability company that controls SmileDirect. As such, Camelot—through its stock ownership, through its control as the managing member of SmileDirect, and through its ability to appoint David Katzman and Steven Katzman as the operating officers of SmileDirect—controls SmileDirect and is directly liable for its actions and violations of law. The claims against Camelot arise from the same facts as the claims against SmileDirect. Camelot is not a Florida citizen within the meaning of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C § 1331 because the Arbitration Demand alleges claims under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* This Court also has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 1332(d) because, as alleged in the Arbitration Demand, the number of proposed class members exceeds 100, the amount in controversy exceeds the sum or value of $5 million, exclusive of interests and costs, and Petitioner and other putative class members are

citizens of a different State from Respondents. *See Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) ("A federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law . . . ."); *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1255 (11th Cir. 2011) ("The Court was very clear that jurisdiction should be predicated on the *substantive dispute between the parties*, not the arbitrability issue actually to be decided by the district court.") (citing *Vaden*, 556 U.S. at 62-63). This Court also has subject matter jurisdiction under the Declaratory Judgment Act because Petitioner anticipates Defendants will bring an action to compel bilateral arbitration, which would present the same federal questions as this Petition. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 197 (2014) ("[F]ederal courts, when determining declaratory judgment jurisdiction, often look to the character of the threatened action. . . . That is to say, they ask whether a coercive action brought by the declaratory judgment defendant . . . would necessarily present a federal question.") (internal quotes and citations omitted); *Fastcase, Inc. v. Lawriter*, LLC, 907 F.3d 1335, 1340 (11th Cir. 2018) ("[W]e must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law.") (internal quotes and citation omitted). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to Petitioner's claims occurred in this District. Petitioner entered into his agreement with SmileDirect, and received products and services from SmileDirect and the Respondents, in this District. Petitioner's Arbitration Demand was filed in this District, and the arbitration is expected to proceed in this District.

17.     This Court has personal jurisdiction over each Respondent because each Respondent, directly with its or his directors, officers, employees, representatives, and/or agents participated in acts or practices giving rise to the claims herein in Florida and in this District.

## ADDITIONAL FACTUAL ALLEGATIONS

### THE ARBITRATION PROVISION AND PETITIONER'S EXPERIENCE WITH SMILEDIRECT

18.     The Arbitration Provision to which Petitioner and the Class Members agreed reads as follows:

> AGREEMENT TO ARBITRATE – I hereby agree that any dispute regarding the products and services offered [b]y SmileDirectClub and/or affiliated dental professionals, including but not limited to medical malpractice disputes, will be determined by submission to arbitration and not [b]y lawsuit filed in any court, except claims within the jurisdiction of Small Claims Court, I understand that to initiate the arbitration, I must send a Demand for Arbitration via U.S. Mail, postage prepaid to Alex Fenkell, SmileDirectClub, LLC, Bank of America Plaza, 414 Union Str., 8th Floor, Nashville, TN 37219, Nashville, Tennessee 37203. The Demand for Arbitration must be in writing to all parties, identify each defendant, describe the claim against each party, and the amount of damages sought, and the names of the Patient and his/her attorney. I agree that the arbitration shall be conducted by a single, neutral arbitrator selected by the parties and shall be resolved using the rules of the American Arbitration Association.

**Exhibit B**.

19.     As set forth above, Petitioner is a resident of Florida who purchased aligners from SmileDirect. SmileDirect's products and services were not as represented and promised, and Petitioner and Class Members suffered injury as a result.

### PRIOR CONSUMER LAWSUIT AND PENDING CONSUMER CLASS ARBITRATION

20.     On September 24, 2019, a class action lawsuit was filed on behalf of a class of consumers and others in the United States District Court for the Middle District of Tennessee, Case No. 3:19-cv-00845, against SmileDirect and others for false advertising, fraud, negligence,

and unfair and deceptive trade practices. An amended complaint was filed on November 15, 2019, in which Petitioner Dana Johnson was added as a plaintiff in that case.

21.     On October 25, 2019, SmileDirect moved to compel arbitration against one of the plaintiffs but not Petitioner Johnson. In its briefing, SmileDirect argued that the Arbitrator must decide "gateway" questions of arbitrability. *See* **Exhibit D** at 8-9. As set forth above, SmileDirect grounded its argument on the Arbitration Provision's incorporation of the AAA rules, and the Middle District of Tennessee accepted this argument. Specifically, SmileDirect relied on the AAA's provision that the Arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim. *See id.*; AAA Commercial Arbitration Rules, R-7(a); AAA Consumer Arbitration Rules, R-14(a).

22.     On December 2, 2019, the Middle District of Tennessee granted SmileDirect's Motion to Compel Arbitration in part, accepting SmileDirect's argument that the Arbitration Provision's reference to the AAA rules clearly commits gateway issues to the Arbitrator and holding that the parties had agreed to have the Arbitrator determine gateway issues of arbitrability. *See* **Exhibit E** at 4.

23.     On December 12, 2019, Petitioner voluntarily dismissed his claims in the lawsuit without prejudice in order to pursue arbitration.

24.     On January 27, 2020, Petitioner filed an Arbitration Demand against Respondents before the AAA in Miami, Florida. *See* **Exhibit A**. The Arbitration Demand alleges breach of warranty, breach of contract, fraud, and violations of Tennessee and Florida consumer protection laws. Petitioner seeks to represent a class of consumers who were harmed by Respondents' misconduct relating to SmileDirect's products and services.

25.     Although the parties' Arbitration Provision provides that an Arbitrator must determine all gateway issues of arbitrability, as Respondents argued and the Middle District of Tennessee held, Petitioner anticipates that Respondents will oppose submitting certain disputes to the Arbitrator, including whether Petitioner may bring an arbitration on behalf of a class. Indeed, Petitioner anticipates Defendants will bring an action to compel bilateral arbitration in order to avoid submitting to the Arbitrator that very issue. Accordingly, Petitioner asks this Court to compel the parties to submit any and all disputes regarding the products and services offered by SmileDirect, including any dispute over whether class arbitration is authorized by the Arbitration Provision, to the Arbitrator. *See JPay, Inc.*, 904 F.3d at 927, 936-44; **Exhibit E**.

26.     Such an order from this Court necessarily will involve a finding by this Court that the parties' clear and unmistakable intent, as evidenced in the Arbitration Provision, was to delegate questions of arbitrability, including whether arbitration may proceed on a class basis, to the Arbitrator. Accordingly, Petitioner requests a declaration to that effect and accompanying injunctive relief.

WHEREFORE, Petitioner respectfully requests that the Court issue an order:

(i)     Compelling the parties to submit any and all disputes regarding the products and services offered by SmileDirect to the Arbitrator;

(ii)    Compelling the parties to submit any and all disputes over arbitrability to the Arbitrator, including any dispute over whether class arbitration is authorized by the Arbitration Provision;

(iii)   Declaring that the Arbitrator, not a court, must decide whether class arbitration is authorized by the Arbitration Provision;

(iv)   Prohibiting Defendants from asking a court to decide whether class arbitration is authorized by the Arbitration Provision; and

(v)    Granting such other further relief as the Court deems just and proper.

Date: January 27, 2020

Respectfully submitted,

s/ William T. Paulk, Florida Bar # 52800
Robert K. Spotswood, Alabama Bar # ASB-7015-P76R*
Michael T. Sansbury, Alabama Bar # ASB-6473-A53S*
William T. Paulk, Florida Bar # 52800
Joshua K. Payne, Alabama Bar # ASB-1041-A55P*
SPOTSWOOD SANSOM & SANSBURY LLC
Financial Center
505 20th Street North
Suite 700
Birmingham, Alabama 35203
TEL: (205) 986-3620
FAX: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com
wpaulk@spotswoodllc.com
jpayne@spotswoodllc.com

Edward M. Yarbrough, TNBPR#004097*
W. Justin Adams, TNBPR#022433*
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
TEL: (615) 238-6390
FAX: (615) 687-6990
eyarbrough@bonelaw.com
wjadams@bonelaw.com

Richard Stone, U.S. Dist. Ct. S.D.N.Y. Bar # RS5324*
BLACKNER, STONE & ASSOCS.
123 Australian Avenue
Palm Beach, Florida 33480
TEL: 561-804-9569
rstoneesq@aol.com

*Attorneys for the Petitioner*
\* *Pro Hac Vice* Admission Pending