**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Civil Action No.: 9:20-cv-80119-AHS
Judge Raag Singhal

| | |
|---|---|
| DANA JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| SMILEDIRECTCLUB, LLC., *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RESPONDENTS' MOTION TO DISMISS PETITION TO COMPEL ARBITRATION OF
ENTIRE DISPUTE AND FOR DECLARATORY AND INJUNCTIVE RELIEF AND
<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... - 1 -

LEGAL STANDARD ............................................................................................................... - 2 -

ANALYSIS ................................................................................................................................ - 4 -

A.  Neither a case, nor a controversy, exists here. .............................................................. - 4 -

B.  The Court lacks federal subject-matter jurisdiction. ..................................................... - 5 -

    1.  Diversity jurisdiction is lacking because the parties are not citizens of different states. ............................................................................................... - 5 -

    2.  There is no other basis for federal subject-matter jurisdiction. ......................... - 6 -

        (a)  Jurisdiction is lacking under CAFA because there is only one "Petitioner" here. ................................................................................... - 6 -

        (b)  The MMWA does not confer federal jurisdiction for class actions involving fewer than 100 "named plaintiffs." ......................................... - 7 -

        (c)  The Declaratory Judgment Act does not alone confer federal jurisdiction. ............................................................................................. - 8 -

CONCLUSION ......................................................................................................................... - 8 -

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

## INTRODUCTION

Respondents SmileDirectClub LLC, David Katzman, Steven Katzman, Alexander Fenkell, Jeffrey Sulitzer, and Camelot Venture Group ("Respondents") respectfully move this Court under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) to dismiss Dana Johnson's Petition to Compel Arbitration of Entire Dispute and for Declaratory and Injunctive Relief (ECF No. 1). This Court lacks subject-matter jurisdiction over the Petition. There is no justiciable controversy, the parties are not diverse, the Petitioner brings this action alone and not as a class, and the Declaratory Judgment Act is merely procedural in nature and is not an independent basis for federal jurisdiction. Accordingly, the Petition must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

## MR. JOHNSON'S FEDERAL PETITION AND DEMAND FOR ARBITRATION

Petitioner alleges that he filed an Arbitration Demand with the American Arbitration Association ("AAA") to commence a class arbitration against Respondents. (Petition ¶ 1.) The Arbitration Demand was filed in his name and "on behalf of himself and others similarly situated." (Petition at Ex. A (the "Arbitration Demand").) In his Arbitration Demand, Petitioner alleges he is a citizen of a different state from SmileDirect, that there are more than 100 putative class members, that each of their individual claims exceeds $25, and that the total amount in controversy exceeds $5 million. (Arbitration Demand at ¶¶ 25, 122, 137, 147.) The Arbitration Demand does not identify any other claimants by name or describe their citizenship. (Arbitration Demand at 11 (listing Mr. Johnson as the singular "claimant" under the "Parties" heading).)

In his federal Petition, Mr. Johnson proceeds in his name only. (Petition ¶ 8.) Petitioner alleges that, for the purposes of diversity jurisdiction, he is a Florida citizen and SmileDirect is not. (Petition ¶¶ 8–9.) The Petition does not identify any other petitioners or describe their

Lash&Goldberg LLP
LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

citizenship. (Petition ¶ 8–15.) As to all other Respondents, Petitioner alleges that each "is not a Florida citizen within the meaning of 28 U.S.C. § 1332." (Petition ¶¶ 9–14.)

The Petition does not allege that SmileDirect contends that the parties' dispute should be resolved in a non-arbitral forum. Nor does the Petition allege that SmileDirect seeks to resolve questions of arbitrability outside of arbitration. To the contrary, the Petition notes that SmileDirect agrees with Petitioner that the arbitrator must resolve questions of arbitrability. (Petition ¶ 4.)

Petitioner alleges that this Court has subject-matter jurisdiction over the Petition on the following four grounds:

1. Diversity of the parties' citizenship under 28 U.S.C. § 1332(a);

2. Pursuant to the Class Action Fairness Act under 28 U.S.C. § 1332(d);

3. Pursuant to 28 U.S.C § 1331 "because the Arbitration Demand alleges claims under the Magnuson–Moss Warranty Act"; and

4. Under the Declaratory Judgment Act based on Petitioner's belief that Respondents may assert "an action to compel bilateral arbitration."

(Petition ¶ 15.)

Petitioner's Arbitration Demand is not a federal pleading and cannot provide the basis for federal subject-matter jurisdiction. (*See* Arbitration Demand ¶ 37 (alleging "[t]he AAA has jurisdiction over this Demand by virtue of SmileDirect's uniform Arbitration Provision").)

## LEGAL STANDARD

Under Article III, federal courts cannot give advisory opinions; instead, they adjudicate only actual cases and controversies. *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (citation omitted). The Declaratory Judgment Act echoes this requirement, permitting courts to issue declaratory judgments only in the case of an actual controversy, meaning an actual dispute creating a substantial likelihood that the plaintiff will suffer



a future injury.  *Id.*  Without an actual controversy, a plaintiff lacks standing, and a federal court lacks the power to issue an opinion.

Because a federal court is not permitted to act beyond its statutory grant of subject-matter jurisdiction, "a court must zealously ensure that jurisdiction exists over a case." *Levine v. Bellsouth Corp.*, 302 F. Supp. 2d 1358, 1363 (S.D. Fla. 2004) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001)).  If a court lacks subject-matter jurisdiction over a cause, it must dismiss the action.  *See* Fed. R. Civ. P. 12(b)(1); *id.* at 12(h)(3); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974–75 (11th Cir. 2005) (A district court is "powerless to hear a case when [subject-matter jurisdiction] is lacking.").  The party invoking federal jurisdiction has the burden of proving its existence.  *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

Attacks on subject-matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks."  *Lawrence v. Dunbar,* 919 F.2d 1525, 1528–29 (11th Cir. 1990).  Facial challenges are based solely on the allegations in the complaint.  *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).  Factual attacks, however, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and the court will consider "matters outside the pleadings, such as testimony and affidavits." *Lawrence*, 919 F.2d at 1529 (internal quotation marks omitted).

Further, in a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI  100 Southeast 2nd Street, Suite 1200  •  Miami, Florida  33131-2158  •  305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE  2500 Weston Road, Suite 220  •  Weston, Florida  33331-3615  •  954 384 2500 tel   954 384 2510 fax
TAMPA  142 West Platt Street, Suite 118  •  Tampa, FL 33606-2315  •  813-284-4002 tel

## ANALYSIS

This Court must dismiss the Petition in its entirety for multiple reasons. ***First***, the case presents no case or controversy, so Petitioner lacks standing and the Court lacks the power to resolve this non-dispute.

***Second***, the Court lacks subject-matter jurisdiction for a variety of reasons. None of the four alleged grounds for jurisdiction exists. There is not complete diversity between the parties. And Petitioner filed this action in his name only, so the class provisions of CAFA and the MMWA are immaterial. Finally, the Declaratory Judgement Act is a procedural mechanism only, not an independent basis for federal jurisdiction. Because subject-matter jurisdiction is lacking, and allegations in an Arbitration Demand cannot cure deficiencies in Petitioner's federal pleading, the Court must dismiss the Petition.

**A.  Neither a case, nor a controversy, exists here.**

As an initial matter, the Petition presents no Article III case or controversy. Indeed, the Petition shows as much on its face. Petitioner notes that SmileDirect has advocated for the exact relief that he seeks here: that an arbitrator resolve the dispute between the parties and resolve all gateway issues about arbitrability at the outset. (Petition ¶ 4.) Simply put, the Petition presents no case or controversy.

Tacking on a Declaratory Judgment claim does not fix this problem. Nothing else in the Petition provides any reason to believe that the Petitioner is at risk—let alone substantial risk—of suffering a future injury. Thus, the Petition alleges no "facts from which it appears that there is a 'substantial likelihood that [Petitioner] will suffer injury in the future.'" *A&M Gerber Chiropractic*, 925 F.3d at 1211 (11th Cir. 2019) (quoting *Malowney v. Federal Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)). Petitioner's unsubstantiated assertion that he "*anticipates* Defendants will bring an action to compel bilateral arbitration" (Petition ¶ 15)

- 4 -

(emphasis added) is belied by the Petition's preceding allegations and insufficient to establish a predicate for declaratory relief. Thus, Petitioner cannot concoct a case or controversy by merely seeking a declaration from the Court.

For this reason alone, the Court should dismiss the Petition.

**B.      The Court lacks federal subject-matter jurisdiction.**

   *1.      Diversity jurisdiction is lacking because the parties are not citizens of different states.*

Petitioner alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). (Petition ¶ 15.) That provision grants district courts with jurisdiction to hear cases when the parties are citizens of different states and the amount in controversy exceeds $75,000. Jurisdiction under Section 1332(a) requires "complete" diversity. *Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.") (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

Here, Petitioner does not allege facts sufficient to vest jurisdiction in the federal courts. He alleges that he is a Florida citizen. (Petition ¶ 8.) He alleges that SmileDirect is a limited liability company formed under Delaware law with its principal place of business in Tennessee. (*Id.* ¶ 9.) Petitioner alleges that Camelot is "the managing member of the limited liability company that controls SmileDirect." (*Id.* ¶14.) Petitioner does not, however, identify the company's members or allege their citizenship to establish diversity. (*Id.*) As the Eleventh Circuit has recognized, an LLC is a citizen of any state in which a member is a citizen, so pleadings must identify the citizenship of each of an LLC's members. *E.g.*, *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1316 (11th Cir. 2017). But the Petition fails to do so.

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

The Petition also fails to allege any facts or provide any information about the citizenship status of the other five Respondents. (*Id.* ¶¶ 10–14.) Instead, it concludes without factual support that each "is not a Florida citizen within the meaning of 28 U.S.C. § 1332." (*Id.* ¶¶ 9-14.)

Not only do the Petition's allegations fall short of alleging diversity, the on-the-ground facts show that the Petition names a nondiverse defendant: Respondent David Katzman is a Florida citizen. (Decl. of David Katzman, attached as **Ex. A**.) Both Respondent David Katzman and Petitioner are citizens of the same state, which destroys complete diversity. The Court lacks jurisdiction under Section 1332(a).

### 2. *There is no other basis for federal subject-matter jurisdiction.*

Petitioner attempts to meet his burden to prove jurisdiction by pointing to his Arbitration Demand. But an Arbitration Demand filed with the AAA cannot cure the jurisdictional defects in Petitioner's federal pleading.

### (a) *Jurisdiction is lacking under CAFA because there is only one "Petitioner" here.*

CAFA provides federal subject-matter jurisdiction over class actions where the putative class action includes 100 or more members, at least one plaintiff is diverse from one defendant, and the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d).

Petitioner asserts that jurisdiction over his Petition exists under CAFA based on allegations made "*in the Arbitration Demand*" that "the number of proposed class members exceeds 100, the amount in controversy exceeds the sum or value of $5 million . . . and Petitioner and other putative class members are citizens of a different State from Respondents." (Petition ¶ 15.)

But Mr. Johnson's Arbitration Demand is not a federal pleading.

- 6 -



In his federal pleading, Mr. Johnson is the *only* Petitioner. There are no other petitioners, no other alleged class members. (Petition ¶ 8.) Because he is the only putative class member, his Petition cannot, and does not, clear CAFA's jurisdictional hurdles and must be dismissed.

### (b) *The MMWA does not confer federal jurisdiction for class actions involving fewer than 100 "named plaintiffs."*

Mr. Johnson's attempt to use the MMWA as a jurisdictional hook also fails. The MMWA grants federal jurisdiction over claims for breach of express and implied warranty when (a) the amount in controversy of any individual claim is at least $25; (b) the amount in controversy of all claims is at least $50,000; and, (c) if the action is brought as a class action, there are at least 100 named plaintiffs. 15 U.S.C. § 2310(d)(3); *Cunningham v. Fleetwood Homes of Georgia, Inc.*, 253 F.3d 611, 618 n.7 (11th Cir. 2001) (explaining that the MMWA "places certain impediments in the way of litigation-minded consumers" and noting that "there must be 100 named plaintiffs for Magnuson–Moss class actions"). When there are fewer than 100 named plaintiffs, "the Magnusson-Moss Warranty Act affords [plaintiff] no independent basis for federal jurisdiction." *Holland v. Cole Nat. Corp.*, No. 7:04-CV-246, 2005 WL 1242349, at *14-16 (W.D. Va. May 24, 2005), *report and recommendation adopted*, No. CIV.A. 7:04CV00246, 2005 WL 1799540 (W.D. Va. July 28, 2005).

Plaintiff's Petition lists himself as the single named plaintiff. Although Petitioner claims that his Arbitration Demand alleges more than 700,000 putative class members and sufficient monetary stakes, those allegations are not before the Court. Moreover, even in his Arbitration Demand, Petitioner does not identify any other putative member by name. The Petition should be dismissed because there is only one named plaintiff, Mr. Johnson, which deprives this Court of jurisdiction under the MMWA.

Lash&Goldberg LLP
LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

### (c) *The Declaratory Judgment Act does not alone confer federal jurisdiction.*

The Declaratory Judgment Act does not alone provide a basis for federal jurisdiction. *See e.g., Taylor v. Sullivan*, No. 04-22024-CV-ALTONAGA, 2004 WL 3142552, at *2 (S.D. Fla. Dec. 14, 2004). The Declaratory Judgment Act provides, in relevant part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]he operation of the Declaratory Judgment Act is procedural only." *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)). The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act *must state some independent source of jurisdiction*, such as the existence of diversity or the presumption of a federal question." *Calmes v. Boca W. Country Club, Inc.*, No. 9:17-CV-80574, 2017 WL 4621112, at *3 (S.D. Fla. Oct. 16, 2017) (emphasis added) (quoting *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989)).

As explained above, Petitioner has not stated any "independent source of jurisdiction." The Declaratory Judgment Act cannot alone provide this Court with the requisite jurisdiction, which mandates dismissal.

### CONCLUSION

Because this Court lacks subject-matter jurisdiction, it is powerless to hear Petitioner's case. Petitioner has failed to satisfy his burden to prove federal jurisdiction. Pursuant to Rules 12(b)(1) and 12(h)(3), Respondents respectfully request that the Court enter an Order dismissing the Petition in its entirety.

Lash&Goldberg LLP
LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

- 9 -

Dated: February 18, 2020                    Respectfully submitted,

    /s/ Alan D. Lash
Alan D. Lash
Lash & Goldberg LLP
100 S.E. 2nd Street, Suite 1200
Miami Tower
Miami, Florida 33131
Tel.: 305.347.4040
Fax: 305.347.4050
alash@lashgoldberg.com

Michael D. Meuti (*pro hac vice application forthcoming*)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Tel.:  216.363.4500
Fax:  216.363.4588
mmeuti@beneschlaw.com

*Attorneys for Respondents*



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Respondents' Motion to Dismiss Petition to Compel Arbitration of Entire Dispute and for Declaratory and Injunctive Relief and Memorandum of Law in Support Thereof was served via the Court's ECF Filing System this 18th day of February 2020.

Edward M. Yarbrough
W. Justin Adams
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
eyarbrough@bonelaw.com
wadams@bonelaw.com

Robert K. Spotswood
Michael T. Sansbury
William T. Paulk
Joshua K. Payne
Spotswood Sansom & Sansbury LLC
Financial Center
505 20th Street North
Suite 700
Birmingham, Alabama 35203
rks@spotswoodllc.com
msansbury@spotswoodllc.com
wpaulk@spotswoodllc.com
jpayne@spotswoodllc.com

Richard Stone
Blackner, Stone & Assocs.
123 Australian Avenue
Palm Beach, FL 33480
rstoneesq@aol.com

/s/ Alan D. Lash

Lash&Goldberg LLP
LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel